JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TNG WORLDWIDE, INC., a Michigan Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VIEXELIA, LLC., a Texas limited liability company; DN TRADING LLC, a Texas limited liability company, and Thao Le Thanh Vo, an individual<br><br>　　　　Defendant. | Case No. 2:22-cv08069-JFW-Ex<br><br>**ORDER RE STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT** |

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. This Court has jurisdiction over the subject matter of the claims asserted herein and the above-named parties to this action.

2. TNG is a manufacturer of beauty products including the ForPro Professional Collection, which is sold to TNG's network of retailers and distributors nationwide, including on www.amazon.com.

3. TNG is the owner, of United States Trademark Registration Nos. 5,869,801 and 6,255,313 of the typewritten word mark FORPRO PROFESSIONAL COLLECTION mark and FORPRO PROFESSIONAL COLLECTION & Design mark ("ForPro Marks") shown below:

ForPro
Professional Collection®

4. TNG also has rights to the trade dress of its marketing goods and packaging.

5. Defendants are distributors of beauty products. When selling products, Defendants have used the goodwill of the ForPro Marks and TNG trade dress, leading customers into believing they are purchasing authentic ForPro products, when in reality, the customers are purchasing inferior products from Defendants.

6. Defendants, including their predecessors, successors, subsidiaries, owners, parents, partners, joint venturers, affiliates, directors, stockholders, members, managers, officers, agents, servants, employees, attorneys, consultants, insurers, insureds, sureties, and all persons and entities acting in concert with or that are in privity with Defendants, are hereby permanently enjoined and restrained from:

    a. Expanding sales of products using the ForPro Mark, or any trade name, trade dress, or trademarks confusingly similar to the ForPro Mark;

    b. Infringing on TNG's ForPro Mark;

    c. Otherwise manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, or otherwise dealing in the infringing ForPro products;

    d. Otherwise using in any manner (including but not limited to, in any search engine sponsored advertisements, URL, and/or website meta tag, page source or page info) TNG's ForPro Mark and trade dress and/or any reproduction, counterfeit, copy or colorable imitation or simulation thereof, and/or any spurious designation that is identical to or substantially indistinguishable from the ForPro Mark and trade dress, in connection with any product that is imported, distributed, advertised, marketed, offered for sale, and/or sold by Defendants in the United States, and/or imported into the United States, that is not manufactured by or on behalf of

TNG; and

e. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above.

7. Defendants shall also take all reasonable measures to avoid infringing any of Plaintiff's intellectual property rights, including but not limited to Plaintiff's images, copyrights, trade names, trade dress, and trademarks, in the future.

8. Within 24 hours after the notice by Plaintiff or identification by Defendants of any images or posts containing contact that infringes Plaintiff's intellectual property. Defendants shall also provide notice to any third parties (including, but not limited to, Amazon) to which Defendants provided the infringing content, that such content infringes Plaintiff's intellectual property rights, that the third parties are not authorized to use such content, and that the third parties shall cease all use thereof, including distributing, displaying, copying and creating derivative works therefrom. If Defendants fail to provide such notice within 24 hours, Defendants shall pay to Plaintiff, as liquidated damages, $5,000 per day for each instance of infringement.

9. All liquidated damages payable hereunder shall be paid to Plaintiff within seven (7) days of the event requirement payment.

10. If Defendants violate any of the terms of this Stipulated Final Judgment and Permanent Injunction, there will be a rebuttable presumption that such violation, and any infringement associated with it, has been, and continues to be, willful. Also, it will be presumed that any such violation causes irreparable harm.

11. This Court shall retain jurisdiction to enforce this permanent injunction.

**IT IS SO ORDERED.**

DATED: August 16, 2023

HON. JOHN F. WALTER, United States Judge